Qiang Ma (SBN 176834)
Law Offices of Qiang Ma
1120 Huntington Drive
San Marino, California 91108
Telephone: (626) 576-3966
jamesqma@gmail.com

Attorney for Plaintiff
BO GAO

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| BO GAO, an Individual<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; LORI MACKENZIE, Division Chief of the Immigrant Investor Program Office; DONALD NEUFELD, Associate Director of the California Service Center; LEE FRANCIS CESSNA, Director of United States Citizenship and Immigration Services; KEVIN MCALEENAN, Secretary of Department of Homeland Security; THE UNITED STATES OF AMERICA; and DOES 1-50, INCLUSIVE;<br>　　　　Defendants. | Case No.: 2:19-cv-04331<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

　　1.　Ms. Bo Gao, a Chinese national ("Ms. Gao" or the "Plaintiff") filed form I-526 as an EB-5 petition on September 27, 2013 at the California Service Center, which was designated to process I-526 petitions at the time of filing the I-526 petitions.

　　2.　The petition is to classify her as an investor entrepreneur. On 12/29/2015, The United States Citizenship and Immigration Services ("USCIS") denied her petition subsequent to the receipt of additional documents submitted pursuant to the notice of intent to deny dated 09/03/2015.

　　3.　Ms. Gao filed a timely motion to reopen the petition, which was also denied by the USCIS.

-- 1 --
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Subsequently, Ms. Gao filed an appeal to the USCIS' Administrative Appeal Office ("AAO"), which was denied on 11/28/2017. Ms. Gao filed an appeal again in a timely fashion to the AAO.

4. On 03/01/2018, AAO rejected the appeal as untimely, alleging that the second appeal was not acceptable, even though AAO, when issuing the decision denying the first appeal, advised the petitioner to file another appeal and attached the form I-290B.

5. USCIS's denial of the petition and the subsequent rejection of the appeal by the AAO is arbitrary, capricious and an abuse of discretion, unsupported by substantial evidence in the record, and not in accordance with law.

6. Plaintiff seeks an order overturning USCIS's decision and requiring USCIS to adjudicate and approve the I-526 petition.

## THE PARTIES

7. Plaintiff BO GAO is an investor from China. She is currently residing in Los Angeles, California.

8. Defendant DONALD NEUFELD is the Associate Director of California Service Center. The California Service Center is the office within the US Citizenship and Immigration Services that processed Plaintiff's I-526 petition. All I-526 petitions filed by petitioners residing in the State of California are required to file at the California Service Center. Defendant DONALD NEUFELD is being sued in his official capacity as the Associate Director of the California Service Center.

9. Defendant LORI MACKENZIE is the Division Chief of the Immigrant Investor Program Office. The Immigrant Investor Program Office is the office within the US Citizenship and Immigration Services that denied Plaintiff's I-526 petition.

10. Defendant LEE FRANCIS CESSNA is the Director of U.S. Citizenship and Immigration Services. Defendant LEE FRANCIS CESSNA is sued in his official capacity as the Director of U.S. Citizenship and Immigration, the executive officer with authority over USCIS.

11. Defendant USCIS is the administrative agency of the United States responsible for the adjudication of the I-526 petition that the Plaintiff filed. USCIS is a bureau within the Department of Homeland Security ("DHS").

12. Defendant KEVIN MCALEENAN is the Secretary of the U.S. Department of Homeland

Security. USCIS is a bureau within DHS, and DHS is the agency of the United States that is ultimately responsible for the enforcement of immigration laws and granting immigration benefits. Defendant KEVIN MCALEENAN is sued in his official capacity as the Secretary of the Department of Homeland Security, the executive officer with authority over USCIS.

13. Defendant UNITED STATES OF AMERICA is responsible for the adjudication of immigration petitions, including the petition filed by the Plaintiff.

14. Venue properly lies in the Central District of California pursuant to 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b) because the United States government is a defendant, the cause of action arises in this judicial district, and the Plaintiff resides in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. There are no administrative remedies that are available to the Plaintiff since the AAO dismissed her appeals.

## FACTUAL BACKGROUND

16. Plaintiff and a second investor, each invested one million dollars in a new commercial enterprise Chaplet Yellow, Inc. (the "NCE"), on July 11, 2013. On August 7, 2013, the NCE purchased the restaurant called Opera Café and Bistro in the City of Monrovia, California and paid $404,473.00 to the previous owner of the restaurant.

17. The NCE has been in operation since it purchased the restaurant, which at the time of the purchase, served Italian cuisine. However, the restaurant was operating at a loss.

18. To improve the restaurant's business, the NCE renovated the restaurant in October 2015 and reopened the restaurant with a new concept on the same location and renamed it to Sow House Monrovia in November 2015. Sow House Monrovia served American causal cuisine instead of Italian cuisine. Subsequently, in September 2016, the NCE changed the restaurant name to Craft Hill Monrovia, and served the same American causal cuisine.

19. The renovation of the restaurant and the change of its cuisine from Italian to American did not constitute an impermissible material change.

20. Thereafter, Plaintiff has submitted sufficient documents to the USCIS to demonstrate that the NCE purchased the restaurant legally and factually owned by the seller and established the NCE has

engaged in actual business activity.

21. Plaintiff demonstrated that her capital investment has been placed at risk. The NCE has engaged in actual business activities by continuously operating a restaurant. Unfortunately for the Plaintiff, the restaurant has been losing money. The NCE has lost more than one million dollars in the year since Plaintiff purchased the restaurant.

22. Plaintiff submitted documents to demonstrate that the NCE has hired employees, paid for their salaries, filed fictitious business name statements, applied for business licenses, designed the new concept, worked out the new menu in line with the new concept, and hired contractors to do renovation work. These documents presented facts to establish that the NCE has placed Plaintiff's capital at risk.

23. With regards to job creation, Plaintiff presented a number of documents to the USCIS, such as the payroll records, form 941, DE9, etc. and demonstrated that the previous restaurant owner had hired 16 to 17 full-time employees prior to the purchase. These documents established that the 16-17 was the baseline number of jobs that existed when the NCE purchased the restaurant.

24. Plaintiff was able to demonstrate that the NCE has created more than 20 full-time positions on top of the baseline number of jobs that filled by qualified employees. Plaintiff submitted to the USCIS documents such as the organizational charts and list of employees, Form 941, DE9, payroll record, W-4 forms, copies of US birth certificates, US passports, and green cards to show the employees were qualified.

25. Furthermore, Plaintiff presented documents to demonstrate the restaurant was a troubled business by presenting a large number of documents, including tax returns, and established that the restaurant's total assets decreased by more than 24.7%. These documents presented facts to prove that the NCE created sufficient job positions.

## **CLAIM**

26. The USCIS decision denying the Plaintiff's I-526 petition violates the governing statute and regulations, is arbitrary and capricious, is an abuse of discretion, is unsupported by substantial evidence, and is not in accordance with law. The Plaintiff has met her burden of proof and is entitled to have her I-526 petition approved.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff pray for judgment against the Defendant and requests that the court shall:

1. Declare that USCIS's denial of Plaintiff's I-526 petition is unlawful;
2. Order USCIS to approve Plaintiff's I-526 petition;
3. Award the Plaintiff attorney's fees and costs; and
4. Grant such other relief as is appropriate.

DATED: May 19, 2019                                    LAW OFFICES OF QIANG MA


By:_____/s/ Qiang Ma_____
    Qiang Ma
    Attorney for Plaintiff
    BO GAO

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**